IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DEFENSE DISTRIBUTED and SECOND
AMENDMENT FOUNDATION, INC.,

      *Plaintiffs,*

      vs.

GURBIR S. GREWAL, in his official capacity
as New Jersey Attorney General, et al.

      *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:18-CV-637

**DEFENDANT GURBIR S. GREWAL'S OPPOSED MOTION
FOR AN EXTENSION OF THE PAGE LIMIT**

Pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure, and Rule CV-7(d) of the Local Civil Rules of the United States District Court for the Western District of Texas, Defendant Gurbir S. Grewal, the Attorney General of New Jersey ("NJAG") moves to the Court to allow him to file a motion to transfer exceeding the page limit on the following grounds:

1.     According to Local Rules CV-7(c) and CV-7(d), a motion to transfer venue is a non-dispositive motion that should not exceed 10 pages in length unless otherwise authorized by the Court. The NJAG now seeks to file a motion to transfer twenty (20) pages in length, which is the page limit for a dispositive motion. Counsel for the NJAG attempted to reach Plaintiffs' counsel by phone and by email to discuss this motion, but Plaintiffs' counsel has not responded. Accordingly, Counsel for the NJAG assumes that Plaintiffs are opposed to this motion.

2.     As the NJAG's local counsel made clear at this Court's status conference on September 28, 2020, the NJAG intends to file a motion to transfer venue to the District of New

Jersey. On November 10, 2020, Plaintiffs filed their Second Amended Complaint which added unrelated claims against U.S. State Department officials, thereby requiring the NJAG to file a motion to sever in conjunction with the motion to transfer venue.

3.    In an effort to fully inform the Court of the wide range of issues related to transferring venue to the District of New Jersey, including issues concerning the severance of the U.S. State Department defendants before transfer is made, the NJAG has prepared a twenty page brief: (i) stating the procedural and factual background of this case; (ii) analyzing and arguing why transfer to the District of New Jersey is appropriate under 28 U.S.C. §§ 1404 and 1406; and (iii) explaining why the claims against U.S. State Department officials added in Plaintiffs' Second Amended Complaint should be severed. The NJAG has exercised concise writing and disciplined editing, but still finds it necessary to brief these issues similar to a dispositive motion. Moreover, while the various grounds for the motions to transfer and sever could be brought in multiple documents, inclusion in one motion is more efficient given their relatedness.

4.    Moreover, this Court will have to consider and decide issues of great importance, for which thorough briefing will be needed. As Justice Brandeis once noted, "[a] judge rarely performs his functions adequately unless the case before him is adequately presented." *The Living Law*, 10 ILL. L .REV. 461, 470 (1916). To enable the Court to adequately perform its important judicial review function in this case, thorough briefing will be indispensable to a just result.

WHEREFORE, the NJAG seeks authorization to file a motion to transfer of twenty (20) pages.

DATED: November 18, 2020.                Respectfully submitted,

                                         Pillsbury Winthrop Shaw Pittman LLP

                                         BY:    *Casey Low*
                                                Ronald Casey Low
                                                Texas State Bar No. 24041363

                                                401 Congress Avenue, Suite 1700
                                                Austin, TX 78701-3797
                                                Phone: 512.580.9600
                                                Fax: 512.580.9601
                                                casey.low@pillsburylaw.com

                                                Kenneth W. Taber (admitted *pro hac vice)*
                                                Pillsbury Winthrop Shaw Pittman, LLP
                                                1540 Broadway,
                                                New York, NY 10036
                                                212-858-1813
                                                Fax: 212-858-1500
                                                Kenneth.taber@pillsburylaw.com

                                                *Attorneys for Defendant Gurbir S. Grewal*

3

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the NJAG attempted to confer with Plaintiffs' counsel by phone and by email to discuss this motion, but hearing no response NJAG's counsel assumes that Plaintiffs are opposed.

_/s/ Casey Low_
Casey Low