

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

July 30, 2018

The Honorable Mike Pompeo
Secretary of State
U.S. Department of State
2201 C. Street, N.W.
Washington, D.C. 20520

The Honorable Jeff Sessions
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Dear Secretary Pompeo and Attorney General Sessions:

We, the undersigned Attorneys General, write to express our serious concern about the Department of State's settlement with Defense Distributed and the proposed rules (83 Fed. Reg. 24198; 83 Fed. Reg. 24166) published by the Department of State and the Department of Commerce to amend the International Trafficking in Arms Regulations. As the Chief Law Enforcement Officers of our states, we believe the settlement terms and proposed rules are deeply dangerous and could have an unprecedented impact on public safety. In addition to helping arm terrorists and transnational criminals, the settlement and proposed rules would provide another path to gun ownership for people who are prohibited by federal and state law from possessing firearms. Federal courts have recognized the danger of allowing these guns to be publicly available on the Internet, and this Administration has abruptly disregarded those rulings. We urge you to withdraw from the settlement and withdraw the proposed rules immediately, and allow full and fair consideration of any future proposed rules on these issues.

We believe the settlement and proposed rules will facilitate violations of federal and state laws, and will make Americans less safe from both domestic and international threats. For example, individuals who access the files posted by Defense Distributed (and similar files posted by others in the future) and use those files will be circumventing laws that regulate the

manufacture, sale, transfer, possession, and export of firearms.  The Arms Export Control Act requires the federal government to reduce the international trade in, and lessen the burden of, arms abroad.  Domestically, many of our states have carefully crafted regulatory regimes geared at preventing gun violence and protecting public safety.  The Department of State's abrupt change in position seriously undermines the efficacy of those laws and creates an imminent risk to public safety.

As a result of the Department of State's settlement with Defense Distributed, terrorists, criminals, and individuals seeking to do harm would have unfettered access to print and manufacture dangerous firearms.  Some of these weapons may even be undetectable by magnetometers in places like airports and government buildings and untraceable by law enforcement.  Illegal trafficking of these guns across state and national borders could also increase, and self-made, unregistered, and untraceable firearms could easily wind up in the hands of (or simply be produced directly by) dangerous individuals.

The proposed rules would also transfer oversight of certain weapons and ammunition – which have long been considered "military grade" and are currently on the United States Munitions List – from the Department of State to the Department of Commerce.  The settlement and proposed rules would facilitate the upload of files and other information sufficient to build unsafe and untraceable guns to the Internet.  There would be unrestricted access, domestically and abroad, to large amounts of technical data that had previously been regulated to promote serious national security interests.

We agree with the argument that the Department of Justice and Department of State asserted for years in the lawsuit brought by Defense Distributed, before this abrupt reversal: that the release of these computer files of firearms would threaten national security and put our residents in danger.[1]  For example, the Department of Justice wrote in its brief to the Fifth Circuit Court of Appeals, "[t]he computer data files at issue here, if made publicly available without restriction, would allow anyone with a 3-D printer (or related device) to create, at the touch of a button, parts and components for an operational firearm that is untraceable and undetectable by metal detectors.  Because such printers are readily available, allowing the distribution of the computer files at issue here is tantamount to permitting the dissemination of firearms themselves."[2]  The settlement and the related proposed rules are inconsistent with the government's longstanding position and recklessly disregard public safety and security.

These rules, if finalized, and the settlement, if implemented, set a precedent that would endanger the lives of civilians, law enforcement, and members of the armed forces at home and

---

[1] *Defense Distributed v. U.S. Dep't of State*, Case 1:15-cv-00372-RP, Defs.' Mot. Dismiss Second Am. Compl., at 1 (W.D. Tex. April 6, 2018).

[2] Brief for Federal Appellees, 2016 WL 614088, Case No. No. 15-50759, at *7 (5th Cir. 2016).  In the same brief, the Department of Justice also wrote "[t]he availability of such firearms to foreign nationals, particularly if…attributable to the United States, could raise significant foreign policy and national security concerns…." *Id.* at *1.  The Department of Justice additionally asserted, "[i]f such a firearm were produced and 'then used to commit an act of terrorism, piracy, assassination, or other serious crime,' the United States could be held accountable, causing 'serious and long-lasting harm to the foreign policy and national security interests of the United States.'" *Id.* at *23 (quoting Aguirre Decl. ¶ 35(a) [ROA.571).

abroad.  We urge you to withdraw from the settlement immediately.  The status quo – which currently ensures public safety and national security by prohibiting publication of firearm design files on the Internet – should be maintained.  Any rulemaking on these issues should not be tied to a specific settlement agreement and should be subject to full and fair rulemaking proceedings, so that all stakeholders may provide input into the rules in the interest of public safety.

Sincerely,

Maura Healey
Attorney General of Massachusetts

Xavier Becerra
Attorney General of California

Cynthia Coffman
Attorney General of Colorado

George Jepsen
Attorney General of Connecticut

Matthew P. Denn
Attorney General of Delaware

Karl A. Racine
Attorney General of the District of Columbia

Russell A. Suzuki
Attorney General of Hawaii

Lisa M. Madigan
Attorney General of Illinois

Thomas J. Miller
Attorney General of Iowa

Janet T. Mills
Attorney General of Maine

Brian E. Frosh
Attorney General of Maryland

Lori Swanson
Attorney General of Minnesota

Gurbir S. Grewal
Attorney General of New Jersey

Hector Balderas
Attorney General of New Mexico

Barbara D. Underwood
Attorney General of New York

Ellen Rosenblum
Attorney General of Oregon

Josh Shapiro
Attorney General of Pennsylvania

Peter F. Kilmartin
Attorney General of Rhode Island

Thomas J. Donovan, Jr.
Attorney General of Vermont

Mark R. Herring
Attorney General of Virginia

Bob Ferguson
Attorney General of Washington

4