**FARHANG & MEDCOFF**
—— ATTORNEYS ——

**Matthew A. Goldstein | Partner**
mgoldstein@farhangmedcoff.com
d: 202.550.0040

4801 E. Broadway Boulevard, Suite 311 | Tucson, Arizona 85711
p: 520.214.2000 | f: 520.214.2001 | **farhangmedcoff.com**

April 29, 2020

**BY EMAIL**

Mr. Eric Soskin
Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
eric.soskin@usdoj.gov

**Re:    Demand for Appeal of Preliminary Injunction**
*Washington v. U.S. Dep't of State*, No. 2:20-cv-00111-RAJ (W.D. Wash.)

Dear Eric:

I write regarding the Settlement Agreement of June 29, 2018 ("Settlement Agreement"), which binds the United States Department of State, the Secretary of State, the Directorate of Defense Trade Controls, the Deputy Assistant Secretary, Defense Trade Controls, and the Director of the Office of Defense Trade Controls Policy (collectively the "State Department").

Pursuant to Section 1(a) of the Settlement Agreement, the State Department committed to comply with the Administrative Procedures Act ("APA") in implementing a final rule transferring export control jurisdiction over 3D gun files identified at U.S. Munitions List ("USML") Category I of the International Traffic in Arms Regulations ("ITAR") to the Commerce Department under the Export Administration Regulations ("EAR").

Specifically, Section 1(a) of the Settlement Agreement provides as material consideration:

(a)    Defendants' commitment to draft and to fully pursue, to the extent authorized by law (including the Administrative Procedure Act), the publication in the Federal Register of a notice of proposed rulemaking and final rule, revising USML Category I to exclude the technical data that is the subject of the Action.

As you know, on March 6, 2020, Judge Richard Jones of the Western District of Washington found that the State Attorney General Plaintiffs are likely to succeed on their claim that the State Department violated the APA when it issued the final rule under 85 Fed. Reg. 3,819 (Jan. 23, 2020) revising USML Category I to exclude the subject 3D files from ITAR-control. *Washington v. United States Dep't of State*, No. 2:20-CV-00111-RAJ, 2020 WL 1083720 (W.D. Wash. Mar. 6, 2020).

The express terms of the Settlement Agreement require the State Department to comply with the APA in revising USML Category I to exclude the 3D gun files at issue. To the extent that any court ruling establishes the State Department violated the APA in this rulemaking, such ruling would also establish that the State Department violated Section 1(a) of the Settlement Agreement.

The State Department must appeal Judge Jones' order and take whatever action is necessary to meet its obligations under Section 1(a) of the Settlement Agreement.

I further note that the State Department acted in bad faith by coordinating the Department of Commerce's new prior restraint under the EAR for Computer Assisted Manufacturing ("CAM") files under the final rules. *See* 85 Fed. Reg. 4,136 (Jan. 23, 2020). As you know, this constitutes a substantial change to the Commerce Department's longstanding policy that the EAR does not impose a prior restraint on public speech.

If left uncorrected, the State Department's wrongdoings constitute final agency actions under the APA provisions for judicial review, 5 U.S.C. § 702, and my clients will enforce their rights accordingly.

In writing to you regarding the above, Defense Distributed, the Second Amendment Foundation, and Conn Williamson do not waive any claims against the State Department, the Commerce Department, or any other party for claims arising out of the Settlement Agreement.

Thank you for your prompt attention to this matter and please contact me at (202) 550-0040 or at mgoldstein@farhangmedcoff.com with any questions.

Sincerely,

FARHANG & MEDCOFF PLLC

Matthew A. Goldstein

cc:    Stuart Robinson (Stuart.J.Robinson@usdoj.gov)