## FARHANG & MEDCOFF
#### ATTORNEYS

**Matthew A. Goldstein | Partner**
mgoldstein@farhangmedcoff.com
d: 202.550.0040

4801 E. Broadway Boulevard, Suite 311 | Tucson, Arizona 85711
p: 520.214.2000 | f: 520.214.2001 | **farhangmedcoff.com**

January 15, 2020

**BY EMAIL**

Mr. Eric Soskin
Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
eric.soskin@usdoj.gov

**Re:    Breach of Settlement Agreement**

I write regarding the Settlement Agreement of June 29, 2018 ("Settlement Agreement"), which binds the United States Department of State, the Secretary of State, the Directorate of Defense Trade Controls, the Deputy Assistant Secretary, Defense Trade Controls, and the Director of the Office of Defense Trade Controls Policy (collectively the "State Department"). Settlement Agreement Sections 1(c) and 1(d) establish the following obligations regarding a license and acknowledgement:

(c)    Defendants' issuance of a letter to Plaintiffs on or before July 27, 2018, signed by the Deputy Assistant Secretary for Defense Trade Controls, advising that the Published Files, Ghost Gunner Files, and CAD Files are approved for public release (i.e., unlimited distribution) in any form and are exempt from the export licensing requirements of the ITAR because they satisfy the criteria of 22 C.F.R. § 125.4(b)(13). For the purposes of 22 C.F.R. § 125.4(b)(13) the Department of State is the cognizant U.S. Government department or agency, and the Directorate of Defense Trade Controls has delegated authority to issue this approval.

(d)    Defendants' acknowledgment and agreement that . . . the letter to Plaintiffs permits any [United States] person to access, discuss, use, reproduce or otherwise benefit from the Published Files, Ghost Gunner Files, and CAD Files.

The State Department previously issued the attached July 27, 2018 license. But that license has been vacated, *see Washington v. U.S. Dep't of State,*, No. 2-18-1115-RSL (W.D. Wash.), and the State Department considers the license a "nullity" (the term used in Stuart Robinson's attached August 2, 2018, letter to Jeff Sprung). Thus, the State Department is in breach of Settlement Agreement Section 1(c) and Settlement Agreement Section 1(d).

Defense Distributed demands that the State Department comply with both the Section 1(c) license obligation and the Section 1(d) acknowledgement obligation.  The State Department must (1) issue a license in compliance with Section 1(c), and (2) issue an acknowledgement about that license in compliance with Section 1(d).  Additionally, the State Department must appeal the *Washington* action's final judgment to the United States Court of Appeals for the Ninth Circuit and seek reversal of the district court's decision to vacate the July 27, 2018 license.

January 28, 2020 is the State Department's deadline to initiate an appeal from the *Washington* action's final judgment to the United States Court of Appeals for the Ninth Circuit. *See* Fed. R. App. P. 4(a)(3).  We therefore ask that you respond to this demand no later than January 29, 2020.  If the State Department has not issued the license, issued the acknowledgement, and appealed the *Washington* action's final judgment by January 29, 2020, we will consider this an intentional and permanent act of wrongdoing and take legal action accordingly.

By making these demands, Defense Distributed, the Second Amendment Foundation, and Conn Williamson do not waive any claims against the State Department and other defendants for any violations of the Settlement Agreement.

Thank you for your prompt attention to this matter and please contact me at (202) 550-0040 or at mgoldstein@farhangmedcoff.com with any questions.

Sincerely,

FARHANG & MEDCOFF PLLC

Matthew A. Goldstein

cc:    Stuart Robinson (Stuart.J.Robinson@usdoj.gov)

Attachments

# ATTACHMENTS



**United States Department of State**
*Bureau of Political-Military Affairs*
*Directorate of Defense Trade Controls*
*Washington, D.C. 20522-0112*

July 27, 2018

Mr. Cody R. Wilson, Defense Distributed, and Second Amendment Foundation, Inc.
c/o Mr. Matthew A. Goldstein
Snell & Wilmer
One South Church Avenue
Suite 1500
Tucson, AZ 85701-1630

RE:    Directorate of Defense Trade Controls Approval of Certain Files for Public Release

Dear Mr. Wilson, Defense Distributed, and Second Amendment Foundation, Inc.:

This letter is provided in accordance with section 1(c) of the Settlement Agreement in the matter of *Defense Distributed, et al., v. U.S. Department of State, et al.,* No. 15-cv-372-RP (W.D. Tx.) (hereinafter referred to as "*Defense Distributed*"). As used in this letter,

- The phrase "Published Files" means the files described in paragraph 25 of Plaintiffs' Second Amended Complaint in *Defense Distributed*.
- The phrase "Ghost Gunner Files" means the files described in paragraph 36 of Plaintiffs' Second Amended Complaint in *Defense Distributed*.
- The phrase "CAD Files" means the files described in paragraph 40 of Plaintiffs' Second Amended Complaint in *Defense Distributed*.

The Department understands that Defense Distributed submitted the Published Files, Ghost Gunner Files, and CAD Files to the Department of Defense's Defense Office of Prepublication and Security Review (DOPSR) in 2014 to request review for approval for public release pursuant to International Traffic in Arms Regulations (ITAR) § 125.4(b)(13). It is our further understanding that DOPSR did not make a determination on the eligibility of these files for release, but instead referred you to the Directorate of Defense Trade Controls (DDTC) regarding public release of these files.

1

I advise you that for the purposes of ITAR § 125.4(b)(13), the Department of State is a cognizant U.S. government department or agency, and DDTC has authority to issue the requisite approval for public release.  To that end, I approve the Published Files, Ghost Gunner Files, and CAD Files for public release (i.e., unlimited distribution).  As set forth in ITAR § 125.4(b)(13), technical data approved for public release by the cognizant U.S. government department or agency is not subject to the licensing requirements of the ITAR.

Sincerely,

Acting Deputy Assistant Secretary for the
Directorate of Defense Trade Controls



**U.S. Department of Justice**

Civil Division
Federal Programs Branch

450 Golden Gate Ave.
Suite 7-5395
San Francisco, CA 94102

---

Stuart Robinson                                                      Tel:  (415) 436-6635
Trial Attorney                                                       Fax:  (415) 436-6632
                                                                     stuart.j.robinson@usdoj.gov

August 2, 2018

Via Electronic Mail

Jeff Sprung
Assistant Attorney General
Washington Attorney General's Office
800 5th Ave.
Suite 2000
Seattle, WA 98104

> **Re:  *State of Washington, et al. v. U.S. Department of State, et al.*, No. 2:18-cv-1115**
> **(W.D. Wash.)**

Dear Mr. Sprung:

This letter is in response to your correspondence dated July 31, 2018, in which you "request that the federal government advise us of the steps it has taken to achieve" compliance with the Court's Order granting Plaintiffs' Emergency Motion for Temporary Restraining Order, ECF No. 23 (July 31, 2018). As you are aware, the Court enjoined the Government "from implementing or enforcing the 'Temporary Modification of Category I of the United States Munitions List' and the letter to Cody R. Wilson, Defense Distributed, and Second Amendment Foundation issued by the U.S. Department of State on July 27, 2018," and required that the Government "preserve the status quo *ex ante* as if the modification had not occurred and the letter had not been issued." *Id.* at 7.  The Court did not require the Government to provide any status reports to the Court or Plaintiffs regarding compliance with the Order.  *See id.*

The Government has fully complied with the Court's Order, and Plaintiffs have provided no basis to conclude otherwise.  On July 31, 2018, the Department of State, Directorate of Defense Trade Controls ("DDTC"), removed from its website its announcement temporarily modifying Category I of the United States Munitions List to exclude technical data identified in the Settlement Agreement for the matter of *Defense Distributed, et al., v. U.S. Department of State, et al.*, Case No. 15-cv-372 (W.D. Tex.).  Additionally, on July 31, 2018, my colleague Eric Soskin informed Josh Blackman, counsel for Defense Distributed, that the Government considers the aforementioned letter to Mr. Wilson a nullity during the pendency of the Order entered by the Court.  And on August 2, 2018, DDTC added the following to its website: "As of July 31, 2018, and in compliance with the Temporary Restraining Order

issued by the United States District Court for the Western District of Washington, in *Washington v. U.S. Dep't of State*, No. C18-1115RSL, the Directorate of Defense Trade Controls (DDTC) is not implementing or enforcing the 'Temporary Modification of Category I of the United States Munitions List' that was posted to the DDTC website on July 27, 2018, and has since been removed."

If you have any questions related to these matters, please contact me or Mr. Soskin.

Sincerely,

s/ *Stuart Robinson*

Stuart Robinson
(415) 436-6635

cc:     Eric Soskin
        Senior Counsel
        U.S. Department of Justice

        Jeffrey Rupert
        Assistant Attorney General
        Washington Attorney General's Office

        Josh Blackman
        Josh Blackman LLC

        Joel Ard
        Attorney
        Immix Law Group

Page 2