# In the United States Court of Federal Claims

No. 23-849
(Filed: March 13, 2024)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEFENSE DISTRIBUTED and SECOND
AMENDMENT FOUNDATION,

    *Plaintiffs*,

v.

THE UNITED STATES,

    *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BRUGGINK, *Judge*.

## ORDER

Pending in this contract action is defendant's motion to dismiss, asserted under both Rules of the Court of Federal Claims 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim. Briefing is complete and oral argument was heard on March 11, 2024. For the reasons set out below, we grant the motion to dismiss for lack of jurisdiction.

Defense Distributed is a company that distributes firearms-related information to its customers. The Second Amendment Foundation ("SAF") is a non-profit membership organization incorporated under the laws of the State of Washington. SAF promotes the right to keep and bear arms by supporting education, research, publications, and legal efforts regarding the Constitution's right to privately own and possess firearms. We refer to both plaintiffs collectively hereafter as "Defense" or plaintiff.

In 2012, one of the methods plaintiff used for promoting its activities was posting computer files related to the three-dimensional printing of firearms and firearm components on the internet. The State Department determined that some of this information was related to articles on the United

States Munitions List ("USML")[1], and that Defense lacked the authority under the International Traffic in Arms Regulations ("ITAR")[2] to post these files on the internet.

In related prior litigation, plaintiff initiated an action in 2015 in the District Court for the Western District of Texas seeking to enjoin the State Department from enforcing its prohibitions on plaintiff's posting of firearm-related information. *Def. Distributed v. Dep't of State*, 121 F. Supp. 3d 680 (W.D. Tex. 2015) [hereinafter *Defense Distributed I*]. The District Court denied plaintiff's motion for a preliminary injunction, and the Court of Appeals affirmed in 2016. *Def. Distributed v. United States Dep't of State*, 838 F.3d 451 (5th Cir. 2016). Thereafter, in June of 2018, plaintiff and the State Department entered into a settlement agreement whereby the State Department agreed to modify the USML to allow Defense to publish the relevant files on the internet and provided it with a letter to that effect. In return, plaintiff dismissed its complaint with prejudice.

On July 29, 2018, Defense sued multiple state and local officials in the United States District Court for the Western District of Texas, alleging that those defendants' threats of legal action to prevent Defense from publishing firearm-related files on the internet violated Defense's constitutional rights ("*Defense Distributed II*"). Compl. 7–15, ECF No. 1.

Virtually contemporaneously with the filing of *Defense Distributed II*, multiple States also sued the State Department in the Western District of Washington. *Washington v. United States Dep't of State*, 318 F. Supp. 3d 1247 (W.D. Wash. 2018) [hereinafter *Washington I*]. They alleged that the Department violated the Administrative Procedure Act ("APA")[3] by taking the actions promised in the Department's settlement agreement with Defense, including the modification of the USML. *Washington I*, 318 F. Supp. 3d at 1254. The District Court there eventually granted summary judgment against the State Department, finding that its actions violated the APA. *Washington v. United States Dep't of State*, 420 F. Supp. 3d 1130, 1147 (W.D. Wash. 2019). The court vacated the Department's changes to the USML and its permission for Defense to post the files in question. *Id.* at 1148.

---

[1] 22 CFR § 121.
[2] 22 CFR §§ 120–130.
[3] 5 U.S.C. §§ 551–559.

*Defense Distributed II* proceeded, but was dismissed in its entirety by the District Court on January 30, 2019. *Def. Distributed v. Grewal*, 364 F. Supp. 3d 681, 693 (W.D. Tex. 2019). That dismissal was reversed on appeal. *Def. Distributed v. Grewal*, 971 F.3d 485, 497 (5th Cir. 2020). After remand to the District Court, plaintiff amended its complaint on November 10, 2020, to add the State Department and multiple federal officials as defendants. Am. Compl. 6–7, ECF No. 117. Plaintiff alleged in its amended complaint that the State Department's decision to comply with the *Washington I* court's order and abandon the parties' *Defense Distributed I* settlement agreement violated the APA and multiple constitutional provisions. Am. Compl. 49–70, ECF No. 117. Plaintiff also added the breach of contract claim now before us. *Id.* at 58–60. Jurisdiction in the District Court was asserted under 28 U.S.C. §§ 1331, 1332, 1343, 1367, 2201, and 2202. *Id.* at 7–8. Plaintiff sought both injunctive relief and money damages. *Id.* at 82–85.

After several years of litigation, on March 15, 2023, the District Court granted the United States' motion to dismiss plaintiff's APA and constitutional claims (counts 1–4 and 6–8) on mootness grounds. ECF No. 182. It did not, however, enter final judgment as to those counts. On April 3, 2023, it transferred plaintiff's breach of contract claim (count 5) here pursuant to 28 U.S.C. § 1631 ("Section 1631"). Although the District Court only transferred plaintiff's breach of contract claim to this court, plaintiff's transfer complaint reasserted all eight counts of the District Court action, alleging that the State Department's actions violated the APA and the First, Second and Fifth Amendments. Transfer Compl. 39–61, ECF No. 189.

Defendant's motion seeks dismissal on jurisdictional grounds of all eight counts of the transfer complaint. As to counts 1–4 and 6–8, defendant argues that we lack subject matter jurisdiction. These counts assert federal question jurisdiction arising under 28 U.S.C. §§ 1331, 1332, 1343, and 1367, and seek relief under the APA. As to count 5, which asserts a breach of the settlement contract, defendant argues that we lack jurisdiction pursuant to 28 U.S.C. § 1500 ("Section 1500"). Plaintiff concedes that we lack jurisdiction over counts 1–4 and 6–8, so we need only address count 5. On that point, plaintiff argues that dismissing the claim would be unfair; that Section 1500 should not be applied in such a punitive way because Section 1631, the transfer statute, is remedial in nature and that dismissing would essentially void the purposes of Section 1631.

Section 1500 directs that this court shall not have jurisdiction of "any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States" based on the same alleged

conduct. *See United States v. Tohono O'odham Nation,* 563 U.S. 307, 312 (2011). In other words, even if a complaint here is proper in terms of subject matter jurisdiction and is not untimely, the court is barred from proceeding if an earlier-filed related claim is pending in another court. This provision has been roundly criticized as unnecessary and a trap for the unwary, but it survives.

Whether our jurisdiction is precluded by Section 1500 relies on a two-pronged analysis: (1) whether an earlier-filed proceeding is pending in another court and (2) whether claims in that proceeding are "for or in respect to" the same claim (based on substantially the same operative facts) as the action filed in the Court of Federal Claims. *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163–64 (Fed. Cir. 2011)); *see Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1381–82 (Fed. Cir., 2017).

The interplay between Section 1500 and Section 1631 inadvertently adds another punitive wrinkle. Under Section 1631, a case transferred to the Court of Federal Claims is deemed filed in this court on the date it was originally filed in the transferor court. *Griffin v. United States*, 590 F.3d 1291, 1293–94 (Fed. Cir. 2009); *see also Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1548 (Fed. Cir. 1994) ("The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed"). Federal Circuit precedent further dictates that when only some claims in an action are transferred to this court, the transferred claims are deemed filed simultaneously with the non-transferred claims. *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). When claims are filed simultaneously, they are deemed pending in relation to each other at the time of filing. *Id.*[4]

Here, plaintiff filed 8 counts in the Western District of Texas. After years of litigation, the District Court dismissed counts 1–4 and 6–8, leaving only count 5 (the breach of contract claim) alive. The District Court then transferred count 5 to this court. Count 5 is therefore deemed filed in the

---

[4] We note that when *all* claims in an action are transferred to the Court of Federal Claims, it is as if no claims were ever filed in the transferor court, but rather were all originally filed in the Court of Federal Claims for the purposes of Section 1500. By operation of law, there would therefore never have been claims pending in the district court that could preclude this court's jurisdiction. *See United States v. Cty. of Cook*, 170 F.3d 1084, 1091 n.8 (Fed. Cir. 1999).

Court of Federal Claims at the same moment counts 1–4 and 6–8 were filed in the District Court, and counts 1–4 and 6–8 are consequently deemed pending in the District Court when count 5 was filed in the Court of Federal Claims. This means that prong one of the aforementioned Section 1500 analysis is satisfied. Plaintiff does not contest that the two actions are related, so prong two is also satisfied. Our jurisdiction over Count 5 is therefore barred by Section 1500.

We need not address defendant's merits-based arguments raised under Rule 12(b)(6). We dismiss counts 1–4 and 6–8 because they are federal question claims under code sections over which only the district courts have subject matter jurisdiction. The associated APA counts are also premised on these subject matter provisions. Section 1500 deprives us of jurisdiction over the count for breach of contract.

In short, we must dismiss because we possess no jurisdiction over any claim asserted by plaintiff. We therefore direct the Clerk of Court to enter judgment dismissing all counts of the complaint for lack of jurisdiction. No costs.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge
